# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KRISTINA A. BORLAND, | : | Case No. 3:18-cv-94 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| | : | (by mutual consent of the parties) |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## DECISION & ORDER

This matter is before the Court on Plaintiff Kristina A. Borland's Motion for Attorney Fees Under 42 U.S.C. § 406(b), filed on February 10, 2021. (Doc. # 15). Defendant Commissioner of Social Security's response states that he "does not object to the amount sought" by Plaintiff. (Doc. #16). In the absence of any objection from Defendant, and for good cause shown, Plaintiff's motion is GRANTED.

### Factual & Procedural Background/The Parties' Claims

On March 26, 2018, Plaintiff filed an appeal in this Court from the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. (Doc. #1). In accordance with the parties' joint stipulation that the matter should be remanded (*see* Doc. #10), on November 14,

2018, this Court remanded the matter to the Commission for further proceedings (Doc. #11), and judgment was entered in Plaintiff's favor. (Doc. #12). Thereafter, this Court entered a Decision and Order accepting the parties' Joint Stipulation for an Award of Attorney Fees under the Equal Access to Justice Act ["EAJA"] (*see* Doc. #13), and ordered Defendant to pay Plaintiff's counsel $6,000 in attorney fees, plus $400 in costs and expenses. (Doc. #14).

Following a successful resolution of her claims on remand, Plaintiff now seeks an attorney fee award under 42 U.S.C. § 406(b) in the amount $18,076.75, represented to be equal to 25 percent of the past due benefits Plaintiff was awarded. (*See* Doc. #15 and Exh. 3-C thereto). Plaintiff's motion is accompanied by her attorney's sworn statement attesting that his contingency fee agreement with Plaintiff provided for attorney fees of not more than 25 percent of any past due benefits awarded after remand. (*Id.*, Exh. 2, Affirmation of Charles E. Binder). Copies of that fee agreement and of counsels' itemized hours expended on this matter also are attached in support of the motion. (*Id.*, Exhs. 3-A and 3-B). Defendant has affirmed that he has no objection to the requested fee award. (Doc. #16).

## Law &Analysis

Pursuant to 42 U.S.C. § 406(b)(1)(A), a Social Security claimant who receives a favorable judgment in federal court may be awarded reasonable

attorney's fees in an amount "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." That fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Successful claimants may be awarded fees under both Section 406 and the EAJA, but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Section 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather, "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. "Within the 25 percent boundary, * * * the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Fee awards that would amount to a "windfall" are not reasonable. *Id*. at 808, citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (*en banc*); *Wells v. Sullivan,* 907 F.2d 367, 374 (2d Cir. 1990). However, the Sixth Circuit Court of Appeals has stated that

> a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), citing *Rodriquez, supra*.

Having reviewed the materials offered in support of Plaintiff's motion, the Court determines that the requested fee is reasonable for the services rendered in this case. The submitted copy of counsel's written fee agreement with Plaintiff confirms that Plaintiff agreed to pay attorney's fees of up to 25 percent of any past-due benefits awarded. (*See* Doc. #15, Exh. 3-A). The itemized time records submitted show that three attorneys working on Plaintiff's behalf expended a total of 32.1 hours on Plaintiff's claims before this Court. (*See id.*, Exh. 3-B). The attached copy of a statement from the Social Security Administration indicates that $18,076.75, representing 25 percent of the past-due benefits payable to Plaintiff, has been withheld for attorney fees. (*Id.*, Exh. 3-C, p. 2). Dividing that amount by the 32.1 hours of attorney time reportedly devoted to Plaintiff's case in this Court yields a hypothetical hourly rate of $563.14.

In the opinion of this Court, the fees requested would not amount to the type of attorney "windfall" with which the Supreme Court expressed concern. See *Gisbrecht* at 808, citing *Rodriquez* at 747; *Wells* at 374. Despite the initial denial of Plaintiff's claims in their entirety, counsel's efforts on appeal secured Plaintiff an award of past benefits exceeding $72,000, as well as future benefits of over $981

per month. In light of that degree of success, $18,076.75 is a reasonable fee award in this case. Further, given counsel's representation that his "standard rate" in this case "would be no less than $375.00 an hour" (Doc. #15, Exh. 4, p. 3), the hypothetical hourly rate here would be reasonable per se under *Hayes*, 923 F.2d at 422 (*i.e.*, $563.14/hour is "less than twice" counsel's standard rate of $375/hour).

Nevertheless, Plaintiff's counsel will be required to pay to Plaintiff the "smaller" $6,000 fee already awarded under the EAJA. *See Gisbrecht* at 796.

## Conclusion

**IT THEREFORE IS ORDERED THAT**:

1. Plaintiff's unopposed Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #15) is GRANTED;

2. Defendant shall pay to Plaintiff's counsel attorney fees in the amount of $18,076.75;

3. Upon receipt of such payment, Plaintiff's counsel immediately shall remit to Plaintiff the $6,000 in attorney fees previously received pursuant to the Equal Access to Justice Act (see Doc. #14); and

4. This matter is TERMINATED on the docket of this Court.

May 7, 2021                                *s/Sharon L. Ovington*
                                                            Sharon L. Ovington
                                                            United States Magistrate Judge